direct evidence, without any specific instructions, couched in legal phraseology; and there was no request to the court to define this term to the jury.

9. It is contended that the instruction of the court that the jury should take the facts "as you get them from the witness stand" excluded the defendant's statement from the consideration of the jury. The judge instructed the jury fully on the weight, force, and credit to be given to the defendant's statement, and there is no merit in this exception. *Jordan* v. *State,* 130 *Ga.* 406 (5), 408 (60 S. E. 1063).

10. It is further complained that the instruction to the jury to base their verdict upon the facts "as you get them from the witness stand" excluded from their consideration documentary evidence. The documentary evidence in the case was identified by witnesses on the stand, and was part and parcel of their testimony, and the charge of the court did not limit in any way the jury's consideration of all the evidence adduced upon the trial.

11. Complaint is made that the judge, in his charge to the jury, failed to say that in the event that they should find the defendant guilty and recommend that he be punished as for a misdemeanor, such recommendation would be effective only on approval thereof by the court. We think the court sufficiently instructed the jury to this effect.

12. The verdict being supported by the evidence, and approved by the trial judge, and no error of law having been committed, the judgment is                                    *Affirmed.*

---

### 6919.   WILLIAMS *v.* WOODALL.

HODGES, J. The verdict in this case is the logic of the law, and the presiding judge did not err in directing the verdict.   *Judgment affirmed.*
DECIDED JUNE 27, 1916.

Complaint; from city court of Atlanta—Judge Calhoun. June 22, 1915.

*Walter A. Sims,* for plaintiff in error.

*Oscar Parker, Dorsey, Brewster, Howell & Heyman,* contra.

---